In the United States District Court
for the District of Minnesota
St. Paul Division

| | |
|---|---|
| Gerardo Mora, <br><br> Plaintiff, <br><br> v. <br><br> HBHB, LLC, d/b/a The Pointe Bar and Grill and Ryan Bartlett, <br><br> Defendants. | Magistrate Judge <br><br> Jury Demand Endorsed Hereon |

Complaint and Jury Demand

1.  Plaintiff Gerardo Mora ("Plaintiff") brings this action against Defendants HBHB, LLC and Ryan Bartlett. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with time-and-one-half overtime wages for hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA") and with time-and-one-half overtime wages for hours worked in excess of 40 hours per week as required by the Minnesota Fair Labor Standards Act ("MFLSA").

2.  Defendant Ryan Bartlett is the founder, president, and owner of HBHB LLC d/b/a The Pointe Bar and Grill.

1

3. Plaintiff worked for Defendant from on or around September 2019 to on or around August 2022.

## JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b), this Court has jurisdiction over Plaintiff's FLSA claims and supplemental jurisdiction under 28 U.S.C. § 1367 over his Minnesota state law claims because the causes of action arise from the same facts as the federal claims.

5. Venue is proper under 28 U.S.C. § 1391(b) because Defendants' principal place of business is located at 6507 Harbor Place NE, Prior Lake, MN 55372, which is located in this District.

## PARTIES

**Gerardo Mora**

6. Plaintiff Gerardo Mora is a resident of Minnesota.

7. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA and MFLSA.

8. Plaintiff was classified as a "non-exempt" employee.

9. Gerardo Mora has given written consent to join this action.

**HBHB, LLC d/b/a The Pointe Bar and Grill**

10. Defendant HBHB, LLC d/b/a The Pointe Bar and Grill ("The Pointe Bar and Grill") is a domestic limited liability company organized under the laws of the State of Minnesota.

11. Defendant's principal place of business is located at 6507 Harbor Place NE, Prior Lake, Minnesota 55372.

12. The Pointe Bar and Grill is an "employer" of Plaintiff as that term is defined by the FLSA.

13. The Pointe Bar and Grill is an "employer" of Plaintiff as that term is defined by the MFLSA.

14. The Pointe Bar & Grill was founded by Ryan Bartlett, who remains the owner of The Pointe Bar and Grill.

15. "HBHB LLC" is the corporate entity that appears on Plaintiff's paystubs for work he completed for Defendants.

16. At all relevant times, The Pointe Bar and Grill has maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

17. At all relevant times, The Pointe Bar and Grill has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used by the FLSA.

18. The Pointe Bar and Grill's gross revenue exceeds $500,000 per year.

**Ryan Bartlett**

19. Ryan Bartlett is the owner of The Point Bar and Grill.

20. Upon information and belief, Ryan Bartlett resides in Prior Lake, Minnesota.

21. At all relevant times, Ryan Bartlett has been an "employer" of Plaintiff as that term is defined by the FLSA.

22. At all relevant times, Ryan Bartlett has been an "employer" of Plaintiff as that term is defined by the MFLSA.

23. At all relevant times, Ryan Bartlett has been actively involved in managing the operations of Central USA.

24. At all relevant times, Ryan Bartlett has had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

25. At all relevant times, Ryan Bartlett has had power over personnel and payroll decisions at The Point Bar and Grill.

26. At all relevant times, Ryan Bartlett has had the power to stop any illegal pay practices that harmed Plaintiff.

27. At all relevant times, Ryan Bartlett has had the power to transfer assets and liabilities of The Point Bar and Grill.

28. At all relevant times, Ryan Bartlett has had the power to declare bankruptcy on behalf of The Point Bar and Grill.

29. At all relevant times, Ryan Bartlett has had the power to enter into contracts on behalf of The Point Bar and Grill.

30. At all relevant times, Ryan Bartlett has had the power to close, shut down, and/or sell The Point Bar and Grill.

## Factual Allegations

31. Plaintiff worked for Defendants from on or around September 2019 to August 2022 as a line cook in the kitchen.

32. Plaintiff's job duties included preparing food, cooking dishes, plating food, and cleaning the kitchen.

33. Plaintiff was classified as a non-exempt employee under the FLSA.

34. Plaintiff completed his duties at the request and instruction of Defendants.

35. Plaintiff did not involve management of Defendants' enterprise or a subdivision thereof.

36. Plaintiff did not direct the work of two or more other full-time employees.

37. Plaintiff did not have the authority to hire or fire other employees, nor was his recommendation with respect to hiring, firing, advancement, promotion, or other change in status of other employee given weight by Defendants.

38. Plaintiff's primary duty did not involve office or non-manual work directly related to management or general business operations of Defendants.

39. Plaintiff was not permitted to exercise discretion and independent judgment with respect to matters of significance relating to Defendants' operations.

40. From April 2021 to August 2022, Plaintiff regularly worked 50-60 hours per week.

41. Plaintiff regularly clocked in via time-card, which tracked all hours worked per pay period.

42. Plaintiff was paid biweekly and his paystubs reflected hours worked per pay period.

43. Plaintiff was paid his regular hourly rate between $19.00 and $25.00 per hour.

44. Despite regularly working in excess of 40 hours per workweek, Plaintiff was not properly paid one and a half times his regular rate for time worked in excess of 40 hours per workweek.

45. Despite regularly working in excess of 48 hours per workweek, Plaintiff was not properly paid one and a half times his regular rate for time worked in excess of 40 hours per workweek.

46. For instance, in the pay period ending on June 6, 2021, Plaintiff's time records show he worked 110.01 hours, but his pay stub shows he was only compensated for 80 hours.

47. For instance, in the pay period ending on June 20, 2021, Plaintiff's time records show he worked 112.29 hours, but his pay stub shows he was only compensated for 80 hours.

48. For instance, in the pay period ending on July 4, 2021, Plaintiff's time records show he worked 98.81 hours, but his pay stub shows he was only compensated for 80 hours.

49. For instance, in the pay period ending on July 18, 2021, Plaintiff's time records show he worked 116.78 hours, but his pay stub shows he was only compensated for 80 hours.

50. For instance, in the pay period ending on August 15, 2021, Plaintiff's time records show he worked 100.77 hours, but his pay stub shows he was only compensated for 80 hours.

51. For instance, in the pay period ending on October 10, 2021, Plaintiff's time records show he worked 106.23 hours, but his pay stub shows he was only compensated for 80 hours.

52. For instance, in the pay period ending on October 24, 2021, Plaintiff's time records show he worked 104.55 hours, but his pay stub shows he was only compensated for 80 hours.

53. For instance, in the pay period ending on December 19, 2021, Plaintiff's time records show he worked 100.70 hours, but his pay stub shows he was only compensated for 80 hours.

54. For instance, in the pay period ending on January 2, 2022, Plaintiff's time records show he worked 94.47 hour, but his pay stub shows he was only compensated for 80 hours.

55. For instance, in the pay period ending on January 16, 2022, Plaintiff's time records show he worked 88.85 hours, but his pay stub shows he was only compensated for 80 hours.

56. For instance, in the pay period ending on January 30, 2022, Plaintiff's time records show he worked 101.87 hours, but his pay stub shows he was only compensated for 80 hours.

57. For instance, in the pay period ending on March 27, 2022, Plaintiff's time records show he worked 114.05 hours, but his pay stub shows he was only compensated for 80 hours.

58. For instance, in the pay period ending on May 22, 2022, Plaintiff's time records show he worked 104.89 hours, but his pay stub shows he was only compensated for 80 hours.

59. For instance, in the pay period ending on July 17, 2022, Plaintiff's time records show he worked 103.67 hours, but his pay stub shows he was only compensated for 80 hours.

60. Defendants violated the FLSA by failing to properly pay Plaintiff overtime for hours worked in excess of forty per workweek.

61. Defendants violated the MFLSA by failing to properly pay Plaintiff overtime for hours worked in excess of forty-eight per workweek.

## Causes of Action
### Count 1
**Failure to Pay Overtime Wages –Fair Labor Standards Act**
**(29 U.S.C. § 207, *et seq.*)**

62. Plaintiff restates and incorporates the foregoing allegations as if full rewritten herein.

63. Plaintiff worked more than forty hours in one or more workweeks during his employment with Defendants.

64. Defendants did not pay Plaintiff one and a half times his regular hourly rate for time worked in excess of forty hours per workweek, but instead paid his regular rate.

65. By not paying Plaintiff proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

66. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

### Count 2
### Failure to Pay Overtime Wages—Minnesota Fair Labor Standards Act
### (Minn. Stat. § 177.25, *et seq.*)

67. Plaintiff restates and incorporates the allegations as if fully rewritten herein.

68. Plaintiff worked more than forty-eight hours in one or more workweeks during his employment with Defendants.

69. Defendants did not pay Plaintiff one and a half times his regular hourly rate for time worked in excess forty-eight hours per workweek, but instead paid his regular rate.

70. By not paying Plaintiff proper overtime wages for time worked in excess of forty-eight hours in a workweek, Defendants have willfully violated the MFLSA.

71. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff Gerardo Mora prays for all of the following relief:

    A.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

    B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the MFLSA and supporting regulations;

    C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    D.    Liquidated damages under Minn. Stat. 177.27, subdiv. 8;

    E.    An award of prejudgment and post-judgment interest;

    F.    An award of reasonable attorney's fees under the FLSA.

    G.    An award of reasonable attorney's fees under the MFLSA.

    H.    An award of costs and expenses of this action, including reasonable expert fees; and

    I.    Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 26, 2022           /s/ *Philip J. Krzeski*
                                    Philip J. Krzeski (#0403291)
                                    Veronica Walther (*admission forthcoming*)
                                    **CHESTNUT CAMBRONNE PA**
                                    100 Washington Avenue South, 1700
                                    Minneapolis, MN 55401
                                    Telephone: (612) 339-7300
                                    Fax: (952) 336-2940
                                    pkrzeski@chestnutcambronne.com
                                    vwalther@chestnutcambronne.com

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial by the maximum number of persons permitted by law on all issues herein triable to a jury.

                                    /s/ *Phil Krzeski*
                                    Philip J. Krzeski